BUCKLEY *et al. v.* BUCKLEY *et al.*

(*Supreme Court, General Term, First Department.* April 14, 1892.)

1. ATTORNEY AT LAW—RIGHT TO COMPENSATION—ABANDONMENT OF ACTION.
   An attorney at law who commenced an action on behalf of plaintiffs for partition of real estate, and abandoned the cause, and left New York state for six years, cannot, upon his return, the parties having meanwhile settled the matters in litigation between themselves, recover his fees, costs, and disbursements incurred, or to be incurred, therein.

2. SAME—SUBSTITUTION OF RECORD.
   An attorney cannot substitute another to act for him as attorney of record, without consent of his client.

Appeal from special term, New York county.

Action by Joseph F. Buckley and others against Mary Buckley and others for partition. From an order denying a motion for leave to enter judgment by George H. Stokes for full amount of fees, costs, and disbursements incurred, or to be incurred, by him as attorney in the action, Stokes appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*G. H. Stokes,* for appellant.    *H. W. Atwater,* for respondents.

PER CURIAM. Without considering the irregularities in the papers submitted upon this appeal, many of which properly form no part of the record, and should be expunged therefrom in the disposition thereof, it seems to be sufficient to say that it appears upon the face of the papers, properly before the court, that the appellant abandoned the cause of his client, left the state of New York, and was absent therefrom for the period of six years, without paying any attention to the action in which he now seeks to have judgment entered for the purpose of recovering his fees. It is alleged upon the part of the appellant that he gave a substitution to another attorney to act for him as attorney of record. The appellant had no power to give any substitution. He was bound to render the services personally for his client or surrender the position of attorney. By rule 10 the attorney may be changed by consent of the party and his attorney, and not otherwise, except under special circumstances; but in no case can an attorney be changed simply by the consent of the attorney himself. There seems to be no reason, therefore, why the parties should be required to wait six years for their attorney to return and assume the performance of his duties before disposing of the litigation which he had abandoned. It appears from the record that the parties had settled between themselves the subject-matter of this litigation, and the court should not at this late day lend its aid, by any extraordinary means, to the enforcement of any claim which the appellant may have. The order should be affirmed, with $10 costs and disbursements.